IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID H. BAKER,

                Plaintiff,

v.

WELLS FARGO BANK, N.A.,

                Defendant.

1:14-cv-3085-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") Motion to Dismiss [3] Plaintiff David H. Baker's ("Plaintiff" or "Baker") Complaint [1.1 at 2-18].

**I.   BACKGROUND**

On May 31, 2002, Plaintiff obtained a loan in the amount of $163,050 from Pine State Mortgage Corporation ("Pine State") and executed a promissory note ("Note") in favor of Pine State. (Compl. ¶¶ 6-7 & Ex. A). The Note provides, in relevant part:

> **6. BORROWER'S FAILURE TO PAY**
> . . .
> **(B) Default**
>     If Borrower defaults by failing to pay in full any monthly payments, then Lender may, except as limited by regulations of the Secretary [of Housing and Urban Development ("HUD")] in the case

>of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. . . .  In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment default.  This Note does not authorize acceleration when not permitted by HUD regulations.

(Note at 2).

Repayment of the loan was also secured by a deed ("Security Deed") to real property located at 123 Ashton Brook Drive, McDonough, Georgia (the "Property").  (Compl. ¶ 7 & Ex. B).  Plaintiff executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Pine State and Pine State's successors and assigns.  (Id.).  Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to MERS (solely as nominee for [Pine State] and [Pine State's] successors and assigns), and the successors and assigns of MERS, with power of sale, the [Property]."  (Security Deed at 2).  The Security Deed also provides, in pertinent part:

> 9.  Grounds for Acceleration of Debt.
> . . .
>    (d)  Regulations of HUD Secretary.  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Security [Deed] does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(Security Deed at 5).

2

In 2010, Plaintiff "experienced difficulty meeting her [sic] payments on the loan. Plaintiff requested mortgage relief assistance from Wells Fargo but was . . . denied." (Compl. ¶ 9).

In June 2010, "and on various dates thereafter, Wells Fargo provided Plaintiff with notice of a scheduled foreclosure sale of the Property." (Id. ¶ 10).

On June 14, 2012, MERS assigned Plaintiff's loan and the Security Deed to Wells Fargo. (Id. ¶ 8 & Ex. C).

On July 17, 2014, Wells Fargo sent to Plaintiff a letter stating that Plaintiff had defaulted on his loan obligations, that "the total amount of the outstanding indebtedness is $200,516.29," and that a foreclosure sale of the Property was scheduled for September 2, 2014. (Id. ¶ 10 & Ex. D).

On August 21, 2014, Plaintiff filed his Complaint in the Superior Court of Henry County, Georgia. Plaintiff asserts claims for declaratory relief (Count I), preliminary injunctive relief (Count Two), breach of contract (Count Three), and negligence per se (Count Four). The crux of Plaintiff's claims is that Wells Fargo failed to comply with certain regulations of the Department of Housing and Urban Development ("HUD"), incorporated by reference into Plaintiff's Note and Security Deed and which are prerequisites to foreclosure. Specifically, Plaintiff asserts that Wells Fargo failed to comply with 24 C.F.R. §§ 203.604(b),

203.606(a), because "it did not have a face-to-face interview with Plaintiff or make any effort whatsoever to arrange such a meeting prior to commencing foreclosure proceedings against the Plaintiff, or at all, including in 2010, when Plaintiff first began to fall behind on the mortgage." (Compl. ¶ 21).[1]

On September 25, 2014, Wells Fargo removed the Henry County action to this Court on the basis of diversity of citizenship. (Notice of Removal [1]).

On October 2, 2014, Wells Fargo moved to dismiss Plaintiff's Complaint for failure to state a claim.

## II.  DISCUSSION

### A.  Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See

---

[1]  Section 203.604(b) provides that "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b).  Section 203.606(a) provides that "[b]efore initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met." 24 C.F.R. § 203.606(a).

4

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly,   550 U.S. at 570.[2]

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing

---

[2]   The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 608 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 697 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

    B.    <u>Analysis</u>

        1.    <u>Breach of Contract (Count Three)</u>

To assert a claim for breach of contract under Georgia law, a plaintiff must show (1) a valid contract; (2) material breach of its terms; and (3) damages arising

from that breach.  See Budget Rent-A-Care of Atlanta, Inc. v. Webb, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996); see also Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1130 (11th Cir. 2014).

Plaintiff asserts that Wells Fargo breached the Note and Security Deed by failing to conduct a face-to-face meeting with Plaintiff before initiating foreclosure proceedings, and, as a result, "Plaintiff has suffered mental anguish, emotional pain and suffering and damage to her [sic] credit and reputation . . . ."  (Compl. ¶ 56).  Damages for mental anguish and emotional pain and suffering cannot be recovered in a breach of contract claim.  See Davis v. Aetna Cas. & Sur. Co., 314 S.E.2d 913, 917-918 (Ga. Ct. App. 1984), rev'd in part on other grounds, 320 S.E.2d 368 (Ga. 1984); Cummings v. Prudential Ins. Co. of Am., 542 F. Supp. 838, 841 (S.D. Ga. 1982) (under Georgia law, damages for mental suffering arising out of breach of contract, absent breach of a duty independent of contract, are not recoverable).

It is undisputed that Plaintiff had already defaulted on his loan obligations when the alleged breach occurred,[3] and Plaintiff does not allege any facts to show that a face-to-face meeting would have prevented foreclosure.  Rather, Plaintiff alleges that he "requested mortgage relief assistance from Wells Fargo but was

---

[3]   It appears that, as of Wells Fargo's July 17, 2014, Letter, informing Plaintiff of the foreclosure sale scheduled for September 2, 2014, Plaintiff had been in default on his loan obligations for nearly four (4) years, since "2010, when Plaintiff first began to fall behind on the mortgage."  (Compl. ¶ 21).

. . . denied." (Compl. ¶ 9). That Wells Fargo reported Plaintiff's default to credit bureaus and advertised the Property for foreclosure sale were the result of Plaintiff's failure to make his loan payments, not the result of Wells Fargo's alleged breach. See, e.g., Bates, 768 F.3d at 1132-33 (Mortgagor "must show that the premature or improper exercise of some power under the deed . . . resulted in damages that would not have occurred but for the breach."); Rourk v. Bank of Am., N.A., 587 F. App'x 597 (11th Cir. 2014) (mortgagor's failure to make loan payments "is fatal to her claim for breach of contract and wrongful foreclosure, as her 'alleged injury was solely attributable to her own acts or omissions.'") (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004)).

Where, as here, "there was no actual exercise of the power of sale, the only possible harm must be traced back to the allegedly unauthorized acceleration of the [N]ote." See Bates, 768 F.3d at 1133. In this case, however, "any such claim is negated by the generous reinstatement provision contained in the [Security D]eed." See id. Under the terms of the Security Deed,

> Borrower has a right to be reinstated if [Wells Fargo] has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security [Deed]. This right applies even after foreclosure proceedings are instituted. To reinstate the Security [Deed], Borrower shall tender . . . all amounts required to bring Borrower's account current . . . .

(Security Deed at 5). "Because all [Plaintiff] must do, even now, is simply pay all of the outstanding monthly payments and associated fees admittedly owed, [Wells Fargo's] exercise of the power to accelerate the [N]ote could not have caused [Plaintiff] harm . . . ." See Bates, 768 F.3d at 1133. Plaintiff fails to show that he suffered damages caused by Wells Fargo's alleged breach of contract, and this claim is required to be dismissed.[4]

### 2. Negligence (Count Four)

To support a claim for negligence in Georgia, a plaintiff must show:

(1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the duty.

Bradley Ctr., Inc. v. Wessner, 296 S.E.2d 693, 695 (Ga. 1982).

Plaintiff conclusorily asserts that Wells Fargo failed to comply with 24 C.F.R. § 203.604(b) and the National Housing Act, 12 U.S.C. § 1701x(c)(5), and

---

[4] Plaintiff argues, for the first time in his Response, that "due to Wells Fargo's premature acceleration of the debt, Plaintiff is unable to remit partial payments on the loan, causing him to become further and further behind," and that advertisement of the Property for foreclosure sale has "affected the market value" of the Property. (Resp. at 8). These arguments are not properly before the Court and the Court will not consider them. See Huls v. Liabona, 437 F. App'x 830, 832 n.4 (11th Cir. 2011) (per curium) (argument not properly raised where plaintiff asserted it for the first time in response to defendant's motion to dismiss).

"[s]uch conduct constitutes negligence per se, and Plaintiff has suffered mental anguish, emotional pain and suffering and damage to her [sic] credit and reputation as a result of Wells Fargo's breach of the parties' contract." (Compl. ¶ 62).[5]

There is no private right of action for violation of HUD regulations or the National Housing Act, see Bates, 768 F.3d at 1130 (citing Roberts v. Cameron-Brown, 556 F.2d 356, 360 (5th Cir. 1977)), and the negligent acts alleged by Plaintiff against Wells Fargo all arise from the duties created by the Note and Security Deed.  Georgia law is clear that "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual duty." Wallace v. State Farm Fire & Cas. Co., 539 S.E.2d 509 (512 (Ga. Ct. App. 2000).  Because Plaintiff fails to show that Wells Fargo breached a duty it owed to Plaintiff independent of the Note and Security Deed, Plaintiff cannot state a claim for negligence against Wells Fargo.  See id.; see also Fielbon Dev. Co. v. Colony Bank of Houston Cnty., 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) ("A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of

---

[5]   12 U.S.C. § 1701x(c) authorizes the Secretary of HUD to provide grants to HUD-approved financial counseling agencies, and subsection (c)(5) describes how, and when, a lender must notify a homeowner or mortgage applicant of the availability of homeownership counseling.  Plaintiff does not specify which provision of 12 U.S.C. § 1701x(c)(5) Wells Fargo allegedly breached.

action only if the defendant has also breached an independent duty created by statute or common law.").

To the extent Plaintiff appears to argue, for the first time in his Response, that O.C.G.A. § 51-1-6[6] provides a mechanism for him to assert a claim based on violation of HUD regulations and the National Housing Act, this argument was not raised in Plaintiff's Complaint and the Court will not consider it. See Huls v. Liabona, 437 F. App'x 830, 832 n.4 (11th Cir. 2011) (per curium) (argument not properly raised where plaintiff asserted it for the first time in response to defendant's motion to dismiss). Although courts have construed additional allegations in a *pro se* plaintiff's response as a motion to amend the complaint, Plaintiff has been represented by counsel throughout this litigation. Compare Newsome v. Chatham Cnty. Detention Ctr., 256 F. App'x 342, 344 (11th Cir. 2007) ("Because courts must construe *pro se* pleadings liberally, the district court should have considered [plaintiff's] additional allegations in the objection as a motion to amend his complaint and granted it.") with Rule v. Chase Home Fin. LLC, No. 3:11-cv-146-CAR, 2012 WL 1833394, at *4 (M.D. Ga. May 18, 2012)

---

[6]   O.C.G.A. § 51-1-6 provides: "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

("Plaintiff is not proceeding *pro se,* and therefore this Court is under no obligation to construe these additional allegations as a motion to amend the Complaint.").

Even if properly before the Court, Plaintiff cannot assert a claim for violation of HUD regulations and the National Housing Act under O.C.G.A. § 51-1-6 because a cause of action—breach of contract—already exists to remedy the violations alleged, and, because is well-settled that "the National Housing Act and the regulations promulgated thereunder deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow," the Court declines to create one.  See Roberts, 556 F.2d at 360; Miller v. Gen. Wholesale Co., Inc., 101 F. Supp. 2d 1374 (N.D. Ga. 2000) ("It seems clear from the language of [O.C.G.A. § 51-1-6] that no cause of action is created where, as here, an express cause of action already exists."); cf. Moses v. Banco Mortg. Co., 778 F.2d 267, 272 n.2 (5th Cir. 1985) (collecting cases holding that National Housing Act and regulations do not provide private cause of action and refusing to create one).[7]  Plaintiff fails to state a claim for negligence and this claim is required to be dismissed.

---

[7] Plaintiff also fails to show that Wells Fargo's alleged failure to conduct a face-to-face meeting with Plaintiff, or to inform him of the availability of homeownership counseling, resulted in Plaintiff's damages.  Plaintiff's negligence claim is required to be dismissed for this additional reason.  See Bradley Ctr., 296 S.E.2d at 695.

### 3. Declaratory Relief (Count One)

"[T]o pursue properly a declaratory judgment under Georgia law 'a party must establish that a declaratory judgment is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests.'" Milani v. One West Bank FSB, 491 F. App'x 977, 979 (11th Cir. 2012) (quoting Porter v. Houghton, 542 S.E.2d 491, 492 (Ga. 2001)).

Plaintiff seeks a declaration that Wells Fargo did not have a face-to-face meeting with Plaintiff before foreclosure, that as a result, Wells Fargo did not comply with HUD requirements, and foreclosure therefore was premature. (Compl. ¶ 40).[8] It is undisputed that Plaintiff already defaulted on his loan obligations and Wells Fargo already allegedly breached the contract and initiated foreclosure proceedings. No uncertainty exists about any future action by Plaintiff. A declaratory judgment is unavailable because "all material rights have accrued based on past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of another party." See Milani, 491 F. App'x at 979 (citing Logan Paving Co. v. Peoples Bank & Trust, 395 S.E.2d 287, 288 (Ga. Ct. App. 1990)). Plaintiff's claim for declaratory relief is required to be dismissed.

---

[8] Because it is undisputed that a foreclosure sale of the Property has not occurred, Plaintiff's assertions regarding a February 4, 2014, foreclosure sale of the Property appear to be a typographical error.

### 4. Injunctive Relief (Count Two)

A claim for preliminary injunctive relief requires a showing of "a substantial likelihood of success on the merits of the underlying case," <u>Grizzle v. Kemp</u>, 634 F.3d 1314, 1320 (11th Cir. 2011), while a permanent injunction requires actual success on the merits, <u>United States v. Endotec, Inc.</u>, 563 F.3d 1187, 1194 (11th Cir. 2009).  Because Plaintiff fails to state a viable claim for relief, his claim for injunctive relief is required to be dismissed.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Wells Fargo's Motion to Dismiss [3] is **GRANTED.**

**SO ORDERED** this 12th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE